1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK JONATHAN GOSSETT,

               Petitioner,

v.

PATRICK GLEBE,

               Respondent.

CASE NO. C15-5515 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13        This matter comes before the Court on the Report and Recommendation ("R&R")
14 of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 17), and
15 Petitioner Mark Jonathan Gossett's ("Gossett") objections to the R&R (Dkt. 18).
16       On November 3, 2015, Judge Creatura issued the R&R recommending that the
17 Court deny Gossett's petition on the merits and deny a certificate of appealability.  Dkt.
18 17.  On November 16, 2015, Gossett filed objections.  Dkt. 18.
19       The district judge must determine de novo any part of the magistrate judge's
20 disposition that has been properly objected to. The district judge may accept, reject, or
21 modify the recommended disposition; receive further evidence; or return the matter to the
22 magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

ORDER - 1

In this case, Gossett has a high burden to overcome. First, Gossett asserts claims based on ineffective assistance of trial and appellate counsel. Because counsel has wide latitude in deciding how best to represent a client, review of counsel's representation is highly deferential and is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). Although Gossett objects to Judge Creatura's conclusions as to the merits of Gossett's claims, Gossett fails to show that the state court decision was an unreasonable application of Supreme Court law when viewed through the doubly deferential standard. Therefore, the Court adopts the R&R as to the merits of these claims.

Gossett does, however, argue that Judge Creatura made other errors of law. Dkt. 18 at 1-2. Gossett argues that the last state court decision was from the Supreme Court commissioner and not the full court. While true, Gossett fails to show how this alters this Court's analysis. Gossett also argues that the R&R does not "address the ineffective assistance claim as it relates to the misconduct that occurred during closing argument." Dkt. 18 at 2. To the contrary, Judge Creatura addressed this issue. Dkt. 17 at 11 ("Failure to object during prosecutor's closing argument."). Therefore, the Court concludes that Gossett's objections are without merit.

Second, Gossett objects to Judge Creatura's recommendation that the Court deny Gossett's due process claim. Dkt. 18 at 3. While Gossett may assert that he was in fact denied due process, he fails to show that the Washington court unreasonably applied Supreme Court precedent. The state court concluded that the prosecutor's improper remarks "were not prejudicial when viewed against the evidence and the entirety of

1  closing arguments, including rebuttal." Dkt. 15, Exh. 16 at 3.  Under deferential review,

2  the Court is unable to conclude that the state court's decision is unreasonable.  Therefore,

3  the Court adopts the R&R on this issue.

4        Finally, Gossett objects to Judge Creatura's recommendation that a certificate of

5  appealabilty should not issue.  The Court, however, agrees with Judge Creatura that

6  jurists of reason would not debate whether Gossett has met his high burden under

7  deferential and doubly deferential review to show an unreasonable application of

8  Supreme Court law.  Therefore, the Court having considered the R&R, Petitioner's

9  objections, and the remaining record, does hereby find and order as follows:

10      (1)    The R&R is **ADOPTED**;

11      (2)    Gossett's petition is **DENIED**;

12      (3)    The Court **DENIES** a certificate of appealability; and

13      (4)    This action is **DISMISSED**.

14  Dated this 20th day of January, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge